CATALINO AYENDE, ETC., ET AL., Plaintiffs and Appellants, v. RICARDA AYENDE, ETC., ET AL., Defendants and Appellees.

No. 6701. Argued January 23, 1935.—Decided February 27, 1936.

A. Marín Marién for appellants.   C. Iriarte and F. Fernández Cuyar for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs brought an action to set aside a will on various grounds, all but one of which they have abandoned on the present appeal. The first and second assignments are as follows:

"First.—The court erred in failing to state its finding regarding the ground for nullity alleged in subdivision C of paragraph 9 of the complaint, that is, that the will was not made at the request of the testatrix but of somebody else, and that the same had not been read to her. Sufficient evidence was submitted in support of such ground.

"Second.—The court erred in finding that the evidence is insufficient to support 'the third ground for nullity' (notwithstanding the statements contained in the first assignment) that is, the failure to state its finding regarding the ground for nullity alleged in sub-

division C of paragraph 9 of the complaint, which ground for nullity was mistaken by it for that of mental incapacity."

The pertinent portion of the ninth paragraph of the complaint reads as follows:

"9.—The plaintiffs allege that the will made by the testatrix, María Elías Ayende Andrade, as already stated, is void and without legal force and effect, for the following reasons:

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

"C.—Because the will made by the said María Elías Ayende Andrade, was not dictated by the testatrix to the notary, nor was it read by the latter to her, and because the last will and intention of the said María Elías Ayende Andrade had not been expressed by her personally to the subscribing notary, but this was done by a third person, the said María Elías Ayende Andrade being unable to express her last will on this occasion because she was sick in bed suffering from senility, of which she died later, as already stated."

A physician testified as a witness for plaintiff: that he attended the testatrix, María Elías Ayende, in May 1908; that her eye-sight was defective, her hearing was not good and she had arteriosclerosis; that the defects of sight and hearing were due to arteriosclerosis; that arteriosclerosis might result in amnesia and other cerebral phenomena dependent on the circulation. The will was made in December 1908, and the testatrix died some twenty-two years later. There was nothing in the testimony of the physician to show that the mentality of the testatrix had been impaired at the time when she made her last will and testament.

The district judge in the course of his statement of the case and opinion said:

"Regarding the third ground for nullity, the plaintiffs' evidence is insufficient to support it. It is true, as appears from the evidence, that at the time the will was made, December 16, 1908, the testatrix was sick, but the evidence fails to show that she was unable to talk. On the contrary, it appears from the evidence of the plaintiffs themselves that she talked in the presence of the witnesses for the plaintiffs. Her death occurred more than 22 years after the will was made, so that her prostration and her senility were not so serious

since she lived afterwards for more than 22 years. As a rule wills are made when the testator is seriously ill, since very few persons are disposed to make their last will and testament while enjoying good health.

"Dr. Zaratt, called by the plaintiffs as a medical expert to prove the incapacity of María Elías Ayende Andrade to make a will, testified that he saw the lady in question prior to May 1908. He is sure he did not see her after that time because it was then that the witness left for the island where he established his residence. Upon examination he found that she was suffering from arteriosclerosis, was somewhat deaf and her sight was impaired. This examination took place, as already stated, before May 1908, and the testament was made in December of the same year. Cross-examined by the other party, the doctor stated that the illness from which the woman Ayende was suffering 'might' affect her mental capacity.

"Such evidence is clearly insufficient to show the incapacity of the testatrix at the time she made her last will and testament. In the first place, the examination was not made at the time the will was made, but 7 or 8 months before. The fact that an illness might affect the mental capacity of a patient does not render him incapable to make a will either, even admitting that he was suffering from the said illness at the time of making the will, because what must be shown is not the possibility of the testator being incapacitated but that he is actually incapacitated at the time he makes such a will. An insane person or lunatic may make a will provided he makes it during a period of lucidity. For a better reason the testatrix in the case at bar could make it because it has not been even shown that 7 or 8 months prior to the making of the will she was actually incapacitated to make it. It was incumbent on the plaintiffs to prove satisfactorily this particular and, having failed to do so, we hold that the third ground for nullity alleged by them is without merit."

We do not have before us the argument in the district court. Plaintiffs, in subdivision C, *supra*, stressed the alleged inability of testatrix, by reason of her illness, to have made her last will and testament. If plaintiffs had stressed other aspects of subdivision C in argument and if they had desired a more specific finding as to such other aspects, they should have requested it. Nevertheless, we have examined

the evidence now relied upon by appellants and find therein no satisfactory ground for a reversal.

If we had before us nothing but the testimony, we might hesitate to affirm the judgment. The will, however, contains the following statement:

"In my judgment, which is corroborated by that of the witnesses, Mrs. María Elías Ayende Andrade executes the present act in the fullness of her mental faculties, without deceit, compulsion, fraud, or any other cause for nullity, and has legal capacity to make a last will and testament. By virtue whereof and in the presence of the said witnesses who see, hear and perfectly understand her, she starts to make known her last will and I, the notary, to put it in writing in the following clauses: . . . . ."

The final paragraph reads as follows:

". . . In the presence of the testatrix and of the witnesses above-named, I the notary, proceed to read the present will and testament and invite those present to read it themselves, advising them of their right to read it themselves as well as the testatrix who being seen, heard and understood by the witnesses, declares that what has been written and read well and faithfully expresses her will, for which reason, the testatrix and the witnesses agreeing, all sign the present instrument with the exception of the testatrix who states that she does not know how to sign, witness Mr. Victorio Rodríguez signing for her at her request before me, the notary, who certifies to the knowledge, profession and residence of the testatrix and likewise to her age and status according to her own statements, and to the observance in this will of all the formalities prescribed by law, and to the entire contents of the within public instrument."

In passing upon other questions of fact, the trial judge said that strong and persuasive proof was required to over-come the effect of a notarial certificate. In view of this and other similar expressions in the statement of the case and opinion, we have little doubt as to what the judge would have said if he had made a more specific finding. We are not pre-pared to say that we would have reversed the judgment for manifest error in the weighing of the evidence if he had made such a finding. The judgment should not be reversed either

for the want of a more specific finding or because some of the testimony for plaintiffs tended to negative the recitals in the will and some of the testimony for defendants was self-contradictory and unpersuasive. All of this testimony was given, not when the facts were fresh in the minds of the witnesses, but some twenty-five years later.

The third assignment goes to the question of costs. All things considered, we are persuaded that plaintiffs should not have been mulcted in costs.

The judgment appealed from will be modified accordingly and, as modified, affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.